**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CASE NO:**

BEVERLY GUTIERREZ,

    Plaintiff

v.

ORLANDO REALTY AND
PROPERTY MANAGEMENT, LLC

    Defendant
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, BEVERLY GUTIERREZ ("Plaintiff"), pursuant to *29 U.S.C. § 216(b),* files the following Complaint for Damages and Demand for Jury Trial against Defendant, ORLANDO REALTY AND PROPERTY MANAGEMENT, LLC. ("Defendant" or "ORP"), and alleges as follows:

## INTRODUCTION

1. Defendant paid Plaintiff between $4 and $5 dollars per hour during her employment period – far below the state and federal minimum wage. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201-216*, to recover all minimum wages that Defendant refused to pay Plaintiff.

## PARTIES

2. During times material hereto, Plaintiff was a resident of Orange County, California, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, ORP, was a Florida limited liability company located and transacting business within Orange County, Florida, within the jurisdiction of this Honorable Court.

4. During Plaintiff's employment period, she worked for Defendant, ORP, in Guadalajara, Mexico, and Santa Ana, California.

5. Defendant, ORP, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

6. The acts and omissions giving rise to this dispute took place within Orange County, Florida, which falls within the jurisdiction of this Honorable Court.

7. Defendant, ORP, regularly transacts business throughout the state of Florida, including Orange County, Florida, and jurisdiction is therefore proper within the Middle District of Florida pursuant to *29 U.S.C. § 216* and *28 U.S.C. §§ 1331* and *1337*.

8. Venue is also proper within the Middle District of Florida pursuant to *29 U.S.C. § 216* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

9. Defendant, ORP is a property management company which manages hundreds of single-family homes and large apartment buildings in Central Florida.

10. According to its website, ORP answers tenant and customer calls Monday through Friday until 8:00 pm, and on the weekends until 5:00 pm. *See http://www.407rentals.com/orlando-property-management* (last visited October 8, 2020).

11. During all relevant time periods hereto, Plaintiff worked for Defendant as a virtual online Assistant.

2

## FLSA COVERAGE

12. During all times material hereto, ORP was covered under the FLSA through enterprise coverage, as ORP was engaged in interstate commerce during all time periods in which Plaintiff was employed.  More specifically, during all times material hereto, ORP employed at least two (2) or more employees who regularly handled goods and/or materials on a constant and/or continuous basis that traveled across state lines, including, but not limited to the following: cellular telephones, computer equipment, headsets, computer monitors, notepads, paper, office supplies, pens, chairs, printers, routers, cables, shovels, hammers, tape measures, and other office materials.

13. Defendant, ORP, grossed or did business in excess of $500,000 during the years of 2015, 2016, 2017, 2018, 2019, and is expected to gross in excess of $500,000 in 2020.

14. Moreover, the economic realities of Plaintiff's work for Defendant rendered Plaintiff an employee and not an independent contractor.  Defendant provided Plaintiff equipment and tools to perform work, Defendant controlled and directed the work performed by Plaintiff, Defendant set Plaintiff's work hours and responsibilities, and Plaintiff relied upon Defendant for her employment and and was not free to actively work elsewhere during the time periods that Defendant scheduled her to work.

15. In addition to treating Plaintiff as an employee, Defendant called Plaintiff an employee in its company paperwork.

## PLAINTIFF'S WORK FOR DEFENDANT

16. Plaintiff worked for Defendant from June 6, 2019 until April 2020.

17. During all time periods pertinent to this Complaint, Defendant retained the power to hire, fire, discipline, and control company pay practices and policies as they relate to Plaintiff.

18. Plaintiff's duties included, but were not limited to, the following: reviewing tenant applications, screening applicants for approval, emailing tenants, sending lease packages and coordinating apartment repairs.

19. During all times material hereto, Defendant paid Plaintiff between $4 and $5 dollars per hour.

20. During all times material hereto, Plaintiff worked an average of forty (40) hours per week.

### COUNT I – FEDERAL MINIMUM WAGE VIOLATIONS – *29 U.S.C. § 206*

21. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 20 as though set forth fully herein.

22. Defendant failed to compensate Plaintiff at the applicable federal minimum wage rate of $7.25 for all hours of work she performed between June 6, 2019 until April 2020.

23. Defendant's failure to pay Plaintiff her proper federal minimum wages violates the FLSA.

24. Defendant willfully and intentionally refused to pay Plaintiff her proper minimum wages as required by the FLSA, as Defendant knew or should have known of the minimum wage requirements of the FLSA and refused to comply with those requirements.

25. Defendant recklessly failed to investigate whether Defendant's payroll practices were in accordance with the FLSA during the relevant time period.

26. Defendant's willful or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated (or double) damages.

27. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, BEVERLY GUTIERREZ, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, ORLANDO REALTY AND

PROPERTY MANAGEMENT, LLC, and award Plaintiff: (a) unliquidated minimum wage damages to be paid by Defendant; (b) liquidated damages to be paid by Defendant; (c) reasonable attorney's fees and costs to be paid by Defendant; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, BEVERLY GUTIERREZ, demands a trial by jury on all appropriate claims.

**Dated this 9th of October 2020.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Beverly Gutierrez*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on October 9, 2020.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: