# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BEVERLY GUTIERREZ,**

    **Plaintiff,**

**v.**                                                                   Case No:   6:20-cv-1865-Orl-41LRH

**ORLANDO REALTY AND PROPERTY MANAGEMENT, LLC,**

    **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 17)**
>
> **FILED:**    **January 19, 2021**
>
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

**I.  BACKGROUND.**

On October 9, 2020, Plaintiff Beverly Gutierrez instituted this action against Defendant Orlando Realty and Property Management, LLC, alleging that Defendant failed to pay her minimum wage in violation of the Fair Labor Standards Act ("FLSA").  Doc. No. 1.  Defendant has filed a motion to dismiss the complaint, which remains pending.  Doc. No. 11.

On November 12, 2020, the parties notified the Court that they had reached a settlement.

Doc. No. 14. On December 7, 2020, the parties filed a Joint Stipulation of Dismissal with Prejudice ("Stipulation"). Doc. No. 15. The Stipulation was construed as a joint motion for settlement and referred to the undersigned. *Id.* The parties sought to stipulate to dismissal of this case with prejudice without any review of their Settlement Agreement by the Court, and without providing any details of their settlement (including any amounts of settlement, or how much Plaintiff claimed in unpaid wages). *Id.*

Upon consideration, the undersigned entered an Order striking the Stipulation, finding that "the parties cannot categorically avoid judicial review simply by stipulating that there was no compromise because Plaintiff received full compensation." Doc. No. 16, at 2 (quoting *Roman v. FSC Clearwater, LLC*, No. 6:16-cv-969-Orl-41DCI, 2016 WL 11580672, at *1 (M.D. Fla. Dec. 13, 2016)). The undersigned directed the parties to either (1) file a motion for settlement approval, including all relevant settlement documents; or (2) file an appropriate stipulation or notice of voluntary dismissal *without prejudice* (which would render any underlying settlement agreement unenforceable). *Id.* at 3.

On January 19, 2021, the parties filed the above-styled motion, in which they request that the Court approve their Settlement Agreement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), and to dismiss the case with prejudice. Doc. No. 17. With the motion, the parties have included a fully executed copy of their Settlement Agreement. Doc. No. 17-1. The motion was referred to the undersigned, and the matter is ripe for review.

**II.     APPLICABLE LAW.**

In *Lynn's Food*, the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for

fairness." *Lynn's Food*, 679 F.2d at 1353. A court may only enter an order approving a settlement if it finds that the settlement "is a fair and reasonable resolution of a bona fide dispute," of the plaintiff's FLSA claims. *Id.* at 1353–55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *Lynn's Food*, 679 F.2d at 1354. However, "[w]here the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required." *Park v. Am. Servs. of Cent. Fla., Inc.*, No. 6:06-cv-882-Orl-22JGG, 2007 WL 430651, at *2 (M.D. Fla. Feb. 3, 2007) (citing *MacKenzie v. Kindred Hosp. East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003)).

**III.   ANALYSIS.**

  *A. Whether Plaintiff Has Compromised Her FLSA Claim.*

Pursuant to the Settlement Agreement, Defendant agrees to pay Plaintiff $323.82 in unpaid wages, $323.82 in liquidated damages, and $3,100.00 in attorney's fees and costs. Doc. No. 17-1,

at 3. The parties settled Plaintiff's claims before she provided the Court with any information about the value of her claims, and the complaint does not otherwise specify any precise monetary demand.[1]

In the joint motion, the parties explain that after the parties exchanged information and documents regarding their respective claims and defenses, Plaintiff calculates the applicable hours worked at 143.92, at which she was paid $5.00 per hour. Doc. No. 17, at 2.[2] Therefore, Plaintiff calculates the difference between her actual wages and the federal minimum wage owed to be $323.82 (*i.e.*, $2.25 per hour multiplied by 143.92 hours). *Id.* Defendant has agreed to pay the total amount Plaintiff claims to be owed, and an equal amount in liquidated damages. *Id.* Thus, the parties jointly represent that Plaintiff is receiving all of the compensation she claimed to be owed in her FLSA minimum wage claim. *Id.* at 2, 3. In light of the parties' representations, I recommend that the Court find that Plaintiff has not compromised her claim within the meaning of *Lynn's Food*. *Cf. Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1226 (M.D. Fla. 2009) ("Broadly construed, a compromise would entail any settlement where the plaintiff receives less than his initial demand.").

   B.   *Attorney's Fees and Costs.*

Pursuant to the Settlement Agreement, counsel for Plaintiff will receive $3,100.00 in attorney's fees and costs. Doc. No. 17-1, at 3. Because the parties agree that Plaintiff will receive all of the compensation that she is arguably due, the amount of attorney's fees and costs to be paid under the Settlement Agreement cannot have tainted the amount Plaintiff agreed to accept to settle

---

[1] In the complaint, Plaintiff alleges only that Defendant paid her between $4.00 and $5.00 per hour during her employment, and that Defendant was required to pay her the applicable federal minimum wage of $7.25 per hour. Doc. No. 1 ¶¶ 1, 19, 22.

[2] According to the joint motion, Plaintiff worked for Defendant from her home in Mexico but occasionally traveled to the United States, and the parties appear to agree that the federal minimum wage claim under the FLSA only applies to work performed by Plaintiff in the United States. Doc. No. 17, at 1–2.

the case.  Accordingly, the Court need not scrutinize the Settlement Agreement further to consider whether the attorney's fees and costs to be paid are reasonable.  *See Caamal v. Shelter Mortg. Co.*, No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *5 (M.D. Fla. Sept. 26, 2013).

I also note that the parties represent that "Plaintiff's fees and costs were negotiated separately from the amount payable to Plaintiff under this settlement, and the Parties stipulate this sum is 'reasonable' in light of the stage of the proceedings and the work performed to date by Plaintiff's counsel."  Doc. No. 17, at 3; *see also* Doc. No. 17-1, at 3–4 ("The Parties affirm that the amount to be paid to Plaintiff's counsel as fees and costs was negotiated separately from the amounts to be paid to Plaintiff, and that Plaintiff's recovery was not adversely affected by the amount to be paid to Plaintiff's counsel.").  These statements provide further support that the agreed-upon attorney's fees and costs do not undermine the fairness of the parties' agreement.  *See Bonetti*, 715 F. Supp. 2d at 1228.

### C. *Reasonableness of the Settlement Agreement.*

"If judicial scrutiny confirms that the parties' settlement involves no compromise, the district court should approve the settlement and dismiss the case (if the employer has paid) or enter judgment for the employee (if the employer has not paid)."  *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350 (M.D. Fla. 2010) (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1247 (M.D. Fla. 2010)).  However, some courts have expressed the view that a non-cash concession by an employee, such as a confidentiality provision or a broad release clause, "affects both the 'fairness' and the 'full compensation' component of the settlement, and thus requires (and often precludes) a fairness finding, even when all monetary compensation owed is paid in full."  *Jarvis v. City Elec. Supply Co.*, No. 6:11-cv-1590-Orl-22DAB, 2012 WL 933057, at *5 (M.D. Fla. Mar. 5, 2012)

(quoting *Moreno*, 729 F. Supp. 2d at 1348), *report and recommendation adopted*, 2012 WL 933023 (M.D. Fla. Mar. 20, 2012).

On review, the parties' Settlement Agreement does not contain a confidentiality provision, non-disparagement clause, or other potentially problematic non-cash concession that would undermine the fairness of the parties' settlement. *See* Doc. No. 17-1. And the language of the release is limited to wage claims Plaintiff has or might have under the FLSA. *Id.* at 2. A release that is limited to the claims raised in a plaintiff's complaint raises no concerns under *Lynn's Food*. *See, e.g.*, *Monahan v. Rehoboth Hosp., Inc.*, No. 6:15-cv-1159-Orl-40KRS, 2015 WL 9258244, at *2 (M.D. Fla. Dec. 18, 2015) (noting that "a release in an FLSA settlement is generally reasonable so long as it is narrowly-tailored to the wage claims asserted in the complaint").

However, the Settlement Agreement does contain one provision that I find unenforceable:

> **AMENDMENTS**. This Agreement may not be amended, modified, altered, or changed, *except by a written agreement* which is both signed by all parties and which makes specific reference to this Agreement.

Doc. No. 17-1, at 6 ¶ 8 (emphasis added). A court cannot find an FLSA settlement agreement to be fair and reasonable unless it is in final form, with no opportunity for amendment. To hold otherwise would leave the parties free to circumvent *Lynn's Food* review through *post hoc* modifications of an already-approved agreement.

The Settlement Agreement contains a severability clause, however. *See id.* at 5 ¶ 5 ("Except as set forth below, should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the FLSA release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect."). Accordingly, the Court should sever the modification provision from the Settlement Agreement.

## IV. RECOMMENDATION.

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT in part and DENY in part** the Joint Motion for Approval of Settlement Agreement (Doc. No. 17);

2. **SEVER** the modification clause (Doc. No. 17-1, at 6 ¶ 8) from the Settlement Agreement;

3. **FIND** that the Settlement Agreement (Doc. No. 17-1), as amended by the Court, is a fair and reasonable resolution of a bona fide dispute under the FLSA;

4. **DENY** all remaining pending motions as moot;

5. **DISMISS** this case with prejudice; and thereafter

6. **DIRECT** the Clerk of Court to close the file.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

Recommended in Orlando, Florida on January 21, 2021.

*[signature]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record